UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-367-H

WALTERENE GRAY                                                                                   PLAINTIFF

v.

WAL-MART STORES INC. and
SANDIE COUSINS,                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Waltrene Gray ("Gray"), filed this suit against Wal-Mart Stores, Inc. ("Wal-Mart") and Sandie Cousins (collectively, "Defendants") alleging causes of action under federal and state civil rights statutes and state tort law for alleged discriminatory treatment she suffered while employed at a Wal-Mart store. Defendants have moved to dismiss the Complaint, claiming that Plaintiff entered into a settlement agreement releasing these claims. Plaintiff disputes that she ever entered into such an agreement with Defendants.

I.

The Court must treat Defendant's motion to dismiss as a motion for summary judgment because it relies on a matter outside of the pleadings. Fed. R. Civ. P. 12(d). The Court views the facts in the record in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Defendants must carry the burden of showing the absence of a genuine issue of material fact and that they are entitled to relief as a matter of law. Fed. R. Civ. P. 56; *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993).

After Plaintiff filed a complaint with the Equal Employment Opportunity Commission

("EEOC"), Defendants offered to pay $12,500 in consideration for settling the claims. Gray rejected the offer. She received a notice of dismissal from the EEOC on April 1, 2011 and subsequently retained Kevin M. Monsour to represent her in pursuing her claims against Defendants. Monsour sent a letter to Defendants on May 5, 2011 with an offer to settle the case for $14,500. Defendants rejected this offer in a May 13, 2011 letter and reiterated that its offer stood at $12,500. According to Plaintiff's brief, Monsour attempted to persuade Gray to accept Defendant's offer in a telephone conversation on May 16, 2011. Gray expressed reluctance to accept the same offer she had previously rejected, especially because she would now have to pay one-third of the settlement to Monsour pursuant to their representation agreement. She also indicated she did not feel Monsour was "for her" and she needed to think about the offer.

      Two relevant events occurred on May 17, 2011 and the current record is unclear as to their order. According to Defendants, Monsour left a voicemail message with Wal-Mart's attorney in which he said, "I spoke to my client and she is willing to accept your all's $12,500 with $2,000 allocated and do an indemnity, confidentiality, etc." These terms referenced the same terms Defendants outlined in their May 13, 2011 letter. Plaintiff contends she met with Monsour on May 17, 2011, expressed her lack of confidence in him, and requested her file so that she could seek new counsel. Monsour wrote a letter to Plaintiff that same day, indicating his surprise that she was "no longer interested in pursuing a settlement." Pl.'s Resp. in Opp'n to Defs.'s Mot. to Dismiss Ex. 5. The letter mentioned that Monsour had recommended accepting Defendants' offer in telephone conversation and that Plaintiff "indicated that if [he] thought it was the right thing, [Plaintiff] would accept the offer." *Id.*

      Kentucky law requires actual, express authority from a client to create an enforceable

2

settlement agreement. *Clark v. Burden*, 917 S.W.2d 574, 576 (1996). Only when a third party demonstrates it has been substantially and adversely affected will an attorney possessing apparent, but not actual, authority bind a client to a settlement agreement. *Id.* at 577. The Court finds that the current record shows genuine issues of fact exist as to whether Monsour had actual authority from Plaintiff when he communicated to Defendants her willingness to accept the $12,500 offer. Likewise, Defendants have not shown any substantial adverse effect that would place this case outside the ordinary circumstances in which the *Clark* rule requiring actual authority applies. This is not to say Defendants may not ultimately demonstrate actual authority, but the current pre-discovery factual record cannot support summary judgment.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss, or in the alternative for summary judgment, is DENIED.

cc: Counsel of Record